IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GABRIEL JONES,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action Number:** |
| | **:** | |
| **vs.** | **:** | |
| | **:** | |
| **SOUTH METRO TOWING, INC.,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## COMPLAINT

Plaintiff, Gabriel Jones ("Jones") by and through the undersigned counsel,
brings this Complaint against Defendant South Metro Towing, Inc. **(**"South
Metro") and pleads as follows:

## INTRODUCTION

1.

Jones brings this action under the Fair Labor Standards Act of 1938 (as
amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover
overtime pay that was denied him; (2) an additional amount as liquidated damages;
and (3) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because South Metro is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Jones resides within Fulton County, Georgia.

5.

South Metro employed Jones as a tow truck driver in and around Atlanta, GA from 2005 through the date of filing of this action.

6.

At all times relevant to this suit, Jones has been an "employee" of "South Metro" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about September 1, 2009 until the present date, Jones has been "engaged in commerce" as an employee of South Metro as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

South Metro is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, South Metro has been an "employer" of Jones as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

From on or about September 1, 2009 until the present date, South Metro was/is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the  FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

During 2009, South Metro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

12.

During 2010, South Metro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2011, South Metro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2012, South Metro had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2009, South Metro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2010, South Metro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, South Metro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, South Metro had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2009, South Metro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2010, South Metro  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

During 2011, South Metro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

22.

During 2012, South Metro had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, South Metro has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

South Metro is subject to the personal jurisdiction of this Court.

25.

South Metro may be served with process through its Registered Agent, Ronnette Greeson, 950 South River Industrial Boulevard, Atlanta, GA 30315.

26.

At all times relevant to this suit and while an employee of South Metro, Jones was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

27.

At all times relevant to this suit and while an employee of South Metro, Jones was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

28.

At all times relevant to this suit and while an employee of South Metro, Jones was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

29.

At all times relevant to this suit and while an employee of South Metro, Jones was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

## COUNT I - FAILURE TO PAY OVERTME

30.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

31.

At all times material hereto, Jones has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

32.

During his employment with South Metro, Jones regularly worked in excess of forty (40) hours each week.

33.

South Metro routinely truncated its calculation of work hours for Jones during each week from September 1, 20090 through the date of filing of the instant case.

34.

South Metro failed to pay Jones at one and one half times his regular rate for all of his work in excess of forty (40) hours in any week from September 2009 through the present date.

35.

South Metro willfully failed to pay Jones at one and one half times his regular rate for all of his work in excess of forty (40) hours in any week from September 2009 through the present date.

36.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1.    That Plaintiff be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

2.    That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant; and

3.      For such other and further relief as the Court deems just and proper.

            Respectfully submitted,

                                        DELONG CALDWELL BRIDGERS
                                        & FITZPATRICK, LLC

                                        /s/ CHARLES R. BRIDGERS
                                        CHARLES R. BRIDGERS
3100 CENTENNIAL TOWER                   GA. BAR NO. 080791
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150                          /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)                      KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com         GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

                                        COUNSEL FOR PLAINTIFF