IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GABRIEL JONES,              )

                 )

      Plaintiff,         )

                 )

v.                   )      Civil Action File No.

                 )      1:12-cv-03283-TWT

SOUTH METRO TOWING, INC.,   )

                 )

      Defendant.      )

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT

**COME NOW** the Parties to the above-styled case and, based on their reaching of a proposed settlement, hereby move this Court to approve said settlement and dismiss this case with prejudice.   In support of this Motion, the Parties show the Court as follows:

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.    STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.  (See Compl. ¶ 1, ECF No. 1.)  Plaintiff Gabriel Jones alleges that he worked for Defendant South Metro Towing, Inc. as a tow truck driver from 2005 through the filing of his action.  (Id. at ¶ 5.)  Plaintiff further alleges that during certain periods of his employment with Defendant, he was not properly

compensated under the FLSA for hours worked in excess of forty (40) in a given workweek.  (Id. at ¶¶ 30-37.)

Defendant denies any liability to the Plaintiff for overtime wages under the FLSA.  Specifically, Defendant claims that Plaintiff is exempt from the overtime provisions of the FLSA under the Motor Carrier Exemption.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty.  As such, the Parties entered into the proposed settlement agreement, which is attached hereto as Exhibit "A."  The Parties believe this settlement is fair and reasonable under all the facts and circumstances.

The proposed settlement requires the Defendant to pay to the Plaintiff the sum of $2,000.00 for a complete release of liability as to his FLSA claims for unpaid wages and liquidated damages, and $1,500.00 to Plaintiff's attorneys for costs and attorneys' fees associated with the prosecution of this matter.

## II.   ARGUMENT

The proposed settlement is a just and fair settlement of the Plaintiff's claims under the FLSA.  Because of the mandatory nature of the FLSA, a claim under the FLSA may only be settled by either the approval of the Secretary of Labor, or by judicial approval.  See Lynn's Food Stores, Inc., v. United States, 679 F.2d 1350,

1352-53 (11th Cir. 1982). As to the latter instance, the Eleventh Circuit has held as follows:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354. Following the decision in Lynn's Food Stores, Inc., the Eleventh Circuit established a six-factor test to be used when considering the settlement of FLSA claims:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

See Leverso v. Lieberman, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Parties respectfully submit that the settlement of this matter meets each of the factors set forth above.

*(1) The existence of fraud or collusion behind the settlement*. The Parties' agreement is not the subject of fraud or collusion, but rather a genuine effort to avoid

- 3 -

more time and resources than the Parties agree is prudent to resolve the issues. Counsel for both Parties thoroughly examined the Plaintiff's wage and time records prior to engaging in settlement negotiations, and discussed the prospects of continuing to litigate this matter with their respective clients before reaching the present agreement. Moreover, counsel for the Parties affirm to the Court that they separately negotiated the amounts to be paid to the Plaintiff for his alleged unpaid wages and liquidated damages from the amounts to be paid to Plaintiff's counsel for costs and attorneys' fees associated with the prosecution of this matter, so as to avoid any conflict of interest during the course of negotiations.

(2) *The complexity, expense, and likely duration of the litigation.* The Parties acknowledge that, due to the fact that this is only a single-plaintiff action, as opposed to a class or collective action, it does not involve complex factual or legal issues. However, as is the case with any wage and hour dispute, the litigation is likely to be document-intensive and would involve numerous depositions. As such, both Parties would be subjected to considerable expense in determining whether the Parties' respective assertions are correct, and given the amount of potential recovery in this matter as noted below, such costs are likely to far exceed the amount of his potential recovery. As such, the Parties believe that such expense is not worth the continuance of this case, particularly in light of the fact that a fair compromise has been reached.

*(3) The stage of the proceedings and the amount of discovery completed.*
Plaintiff filed his Complaint in this matter on September 20, 2012.  Since such time,
the Parties have engaged in informal discovery, including the production of wage and
attendance records needed to evaluate Plaintiff's claims and potential damages, and
the Court issued four orders granting the Defendant additional time to respond to
Plaintiff's Complaint.  (See ECF Nos. 7, 9, 11, 13.)  In light of their informal
discovery efforts, the Parties have an appropriate understanding of the facts and legal
issues, as well as the positions of the respective Parties.  As such, the Parties believe
that, under the circumstances, negotiations were called for and the fact that a
settlement can be reached at this stage will save both parties considerable time, effort,
and cost, as well as promote the purposes of Rule 1 of the Federal Rules of Civil
Procedure.

*(4) The probability of Plaintiff's success on the merits.*  The determination of
the relevant statute of limitations period, which is dependent upon proof by the
Plaintiff that Defendant's alleged violations of the FLSA were willful, will largely
determine Plaintiff's ability to succeed on the merits.  Moreover, as noted above,
Defendant contends that Plaintiff is exempt from the overtime provisions of the FLSA
under the Motor Carrier Exemption.  As such, there are bona fide disputes as to the
merits of the claim.

(5) *The range of possible recovery*.  Prior to engaging in settlement negotiations, Defendant produced, and Plaintiff carefully reviewed, his wage and attendance records.  Based on his review of such records, Plaintiff submitted a demand seeking unpaid wages and liquidated damages under an analysis that assumes that this case is subject to a three-year statute of limitations (which would only be true if the Court were to determine that Defendant committed a willful violation of the FLSA).  The settlement amount ultimately reached provides the Plaintiff with $2,000.00 for his alleged unpaid wages and liquidated damages, which is an amount greater than the Parties' calculations of the Plaintiff's alleged unpaid wages.  As such, the settlement amount is fair and reasonable in light of the range of possible recovery.

(6) *The opinion of counsel*.  The undersigned counsel for the Parties agree that continuing to litigate this matter would not be an efficient use of the Court's time and resources, and would not be beneficial to the Parties.

## II.    CONCLUSION

WHEREFORE, the Parties respectfully request that this Court grant their Joint Motion for Order Approving Settlement, and dismiss the above-captioned case with prejudice.

Respectfully submitted this 14th day of January 2013.

- 6 -

s/Kevin D. Fitzpatrick, Jr.                        | s/Patrick L. Lail
--- | ---
Charles R. Bridgers | Patrick L. Lail
Georgia Bar No. 080791 | Georgia Bar No. 431101
Kevin D. Fitzpatrick, Jr. | Laura R. Anthony
Georgia Bar No. 262375 | Georgia Bar No. 158667
DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC | ELARBEE, THOMPSON, SAPP & WILSON, LLP
3100 Centennial Tower | 229 Peachtree Street, N.E.
101 Marietta Street | 800 International Tower
Atlanta, Georgia 30303 | Atlanta, GA 30303
T: (404) 979-3150 | Telephone: (404) 659-6700
F: (404) 979-3170 | Facsimile: (404) 222-9718
E: charlesbridgers@dcbflegal.com kevin.fitzpatrick@dcbflegal.com | E: lail@elarbeethompson.com anthony@elarbeethompson.com
Attorneys for Plaintiff | Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GABRIEL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 1:12-cv-03283-TWT |
| SOUTH METRO TOWING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING JOINT MOTION FOR ORDER APPROVING SETTLEMENT

Upon review of the Parties' Joint Motion for Order Approving Settlement, and for good cause shown, the Court hereby finds as follows: (1) there is no evidence of fraud or collusion behind the Parties' settlement of Plaintiff's claims; and (2) based on the complexity, expense, and likely duration of the litigation, the stage of the proceedings and the amount of discovery completed, the probability of the Plaintiff's success on the merits, the range of possible recovery, and the opinions of counsel, the Parties' settlement is fair, just, and reasonable under the circumstances.

WHEREFORE, the Court GRANTS the Parties' Joint Motion for Order Approving Settlement, and ORDERS that the Plaintiff's claim against Defendant is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this __ day of January, 2013.


_____
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF GEORGIA